I respectfully dissent. My dissent does not reflect disagreement with the abstract proposition that the "harmless error" rule applies in capital cases. Indeed, I find no policy reasons for excluding application of ARAP 45 to either the guilt phase or the sentencing phase of a capital trial.
My disagreement with the majority is grounded on the absence of any factual basis for the application of that rule; i.e., under the posture of the instant case, there is no field of operation for "harmless error." The error, which the Court of Criminal Appeals found to be of such a nature and degree as to require reversal, was neither cured nor waived. I believe the Court of Criminal Appeals reversed as to the sentencing proceedings because it found prejudicial error; and I think correctly so. I would affirm.
While I do not quarrel with the majority's reference toWashington v. Strickland, 693 F.2d 1243 (5th Cir. 1982), it should be noted that that case does not deal directly with the "harmless error" rule. Washington, although using the term "harmless error," formulates the test for determination of initial error, not "harmless error." Any consideration of "harmless error" must proceed upon the supposition of error. The Washington Court remanded the cause to the district court for further consideration of petitioner's claim of ineffective assistance of counsel pursuant to the standard which places the burden of persuasion *Page 1246 
on petitioner to show that counsel's allegedly ineffective assistance worked to his actual and substantial disadvantage. This test makes no presupposition of error, which is a requisite for application of our Rule 45A, ARAP, "Scope of Review in Death Cases."